**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES S. SLAUGHTER, | : | |
| Petitioner, | : | Civil Action No. 13-2383 (MAS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ANGEL SANTIAGO, et al., | : | |
| | : | |
| Respondents. | : | |

R E C E I V E D

NOV 3 0 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**SHIPP, District Judge:**

Petitioner Charles S. Slaughter ("Petitioner"), confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for aggravated sexual assault and endangering the welfare of a child. Presently before the Court is Petitioner's Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b), (ECF No. 52) ("Motion"), challenging the Court's March 31, 2015 Order denying the Petition, (ECF No. 43). For the reasons stated below, the Court denies the Motion.[1]

---

[1]     After he appealed the Court's denial of the Petition, *see infra*, Petitioner filed a motion to retain the entire record for use in the appeal. (ECF No. 46.) However, certification of the record was automatically completed by the Clerk of the Court when Petitioner filed his notice of appeal. (*See* ECF No. 44.) As such, that motion is dismissed as moot. Furthermore, as the Court is denying the Motion, Petitioner's (1) motion to appoint pro bono counsel, (ECF No. 48), (2) motion to temporarily stay all proceedings, (ECF No. 53), and (3) motion to reinstate all proceedings, (ECF No. 56), are also dismissed as moot.

## I.       FACTUAL BACKGROUND

On January 22, 2004, a jury in the New Jersey Superior Court convicted Petitioner of one count of first degree aggravated sexual assault, two counts of second degree attempted aggravated sexual assault, and one count of third degree endangering the welfare of a child, after he was found to have molested and sexually assaulted his own daughter when she was between the ages of five and seven. (Op. 2, Mar. 31, 2015, ECF No. 42.) Petitioner was initially sentenced to an aggregate term of 22 years imprisonment with an 85 percent period of parole ineligibility. (ECF No. 29-31 at 2.) Petitioner appealed the conviction and sentence, and the Appellate Division affirmed the conviction, but remanded for resentencing. (*Id.*) On December 1, 2006, Petitioner was resentenced and, thereafter, he filed a petition for certification. (*Id.*) On January 31, 2007, the Supreme Court of New Jersey denied the petition for certification. (*Id.*)

On March 20, 2007, Petitioner filed for post-conviction relief ("PCR"). (*Id.*) Several years later, on March 16, 2010, the Law Division denied Petitioner's PCR application. (*Id.*) Petitioner filed a Notice of Appeal from that decision on October 21, 2010, and the denial of PCR was affirmed on June 14, 2012. (*Id.*) Petitioner's petition for certification from that ruling was denied on October 25, 2012. (*Id.*) After exhausting his state court remedies, Petitioner filed the Petition with this Court on April 8, 2013. (Pet., ECF No. 1.) The Court ordered an answer from Respondents, which was then filed on July 29, 2014. (Resp., ECF No. 29.) After reviewing the records of the case and the parties' submissions, the Court denied the Petition on substantive grounds. (*See* Op., Mar. 31, 2015.) Subsequently, Petitioner appealed the Court's judgment to the Third Circuit. (Notice of Appeal, ECF No. 44.) While his appeal was pending, Petitioner filed the instant Motion. Petitioner's appeal is still currently pending.

## II.    DISCUSSION

Ordinarily, the Court is barred from considering motions that address the merits of the case once the case has been appealed. *Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 247 (3d Cir. 2013); *Thomas v. Northeastern Univ.*, 470 F. App'x 70, 71 (3d Cir. 2012) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985)). However, the Court can consider and *deny* a Rule 60(b) motion even while a case is on appeal. Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (2) deny the motion[.]"); *Kull*, 543 F. App'x at 248 ("[U]nder Rule 62.1(a)(2), the District Court had discretion to deny the [Rule 60(b)] motion."). Because the Court is denying the Motion, *see infra*, the Court can consider the Motion even though this case is on appeal.

In the Motion, although Petitioner styles his arguments as raising seven grounds for relief, all of the arguments are based on a single case, the Appellate Division decision in *State v. Pittman*, 419 N.J. Super. 584 (App. Div. 2011),[2] decided on May 13, 2011, which Petitioner asserts is "new" case law that could not have been considered by the state courts that reviewed his case.[3] For the following reasons, the Court finds Petitioner's "new case law" argument meritless.

---

[2]    *Pittman* dealt with the admissibility, or the lack thereof, of the results a certain blood test called the "phenolphthalein" test, finding it to be an unreliable scientific test. *Pittman*, 419 N.J. Super. at 598 ("[T]here was no evidence presented that the phenolphthalein test utilized by Detective Barnes was generally accepted in the scientific community to be reliable."). The results of a phenolphthalein test was allegedly submitted as evidence at Petitioner's trial.

[3]    Petitioner's seven grounds for relief are: (1) the Appellate Division on PCR review did not have the benefit of *Pittman*; (2) *Pittman* must be recognized as new law that was not available to Petitioner at the time he was appealing his conviction; (3) *Pittman* dealt with the unreliability of the phenolphthalein test, which was ignored by the PCR courts; (4) the *Pittman* court admitted that, prior to that decision, case law was silent on the admissibility of a phenolphthalein test result; (5) there was no case law, prior to *Pittman*, that shows the phenolphthalein test meets the standard set forth in *United States v. Frye*, 293 F. 1013 (D.C. Cir. 1923); (6) the phenolphthalein test results

3

To begin, Petitioner is incorrect that *Pittman* could not have been considered by the state courts. Petitioner's PCR denial was not affirmed by the Appellate Division until June 14, 2012, and certification was not denied by the New Jersey Supreme Court until October 25, 2012. While it is true that the state courts never addressed *Pittman*, that failure falls squarely on Petitioner's shoulders. Since *Pittman* was decided in 2011, Petitioner could have easily alerted both the Appellate Division and the New Jersey Supreme Court to the existence of *Pittman* in his PCR proceedings, but he did not do so.

Moreover, regardless of Petitioner's failure to raise this issue in the state courts, and even assuming *Pittman* was "new" law giving rise to potential habeas claims at the time it was decided, Petitioner should have raised the *Pittman* claims in his original Petition before this Court. The Supreme Court has held that a motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of a habeas petition, is properly classified as a "second or successive habeas petition" under 28 U.S.C. §2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *see Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). More specifically, a Rule 60(b) motion that seeks to assert "excusable neglect", *i.e.* that the movant's habeas petition had omitted a claim of constitutional error, or one that seeks relief based on "a subsequent change in substantive law," are "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Here, it is clear that Petitioner is either seeking to assert a claim omitted in his original Petition, or arguing that there was a material change in law, both claims are substantive in nature under *Gonzalez*. Therefore, for the purposes of § 2244(b), the Motion is a second or successive habeas petition.

---

were in contradiction with other available evidence; and (7) this Court has the authority to expand the record and conduct discovery in light of *Pittman*, as *Pittman* hadn't been decided at the time of trial or direct appeal.

When a second or successive habeas petition is erroneously filed in a district court without obtaining the authorization of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals. *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). This authorization is a jurisdictional requirement for the district court—"[t]here is no practical opportunity for a district court to consider merits defenses, before [the court of appeals] grants authorization to do so[.]" *Robinson*, 313 F.3d at 140. Therefore, the Court must decide whether to deny the Motion for a lack of jurisdiction, or to transfer the case to the Third Circuit. The Court finds that denying the Motion is more appropriate than transfer, as transfer would be futile. *See United States v. Doe*, No. 13-4274, 2015 WL 5131208, at *13 (3d Cir. Sept. 2, 2015) (precedential) (holding that a Rule 60 motion disguised as a second or successive habeas petition is not entitled to relief).

Section 2244(b) requires the court of appeals to dismiss a second or successive habeas petition unless Petitioner shows that the new claims, among other things, rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). "As a result of [§ 2244(b)], it is essential that habeas petitioners include in their first petition *all* potential claims for which they might desire to seek review and relief." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000) (emphasis in original). In that regard, the Court explicitly notified Petitioner of these consequences in a *Mason* order issued on July 5, 2013. (*See* Order, July 15, 2013, ECF No. 4.) *Pittman*, being a state appellate decision, could not have contained a new rule of constitutional law made retroactive by the United States Supreme Court. Even if *Pittman* was a Supreme Court case that announced a new retroactive rule of constitutional law, there can be no argument that it was "previously unavailable"—*Pittman* was decided on May 13, 2011, and the Petition was dated April 5, 2013.

Petitioner was required to bring any claims based on *Pittman* in his original Petition, or at the very least in response to the Court's *Mason* order, and Petitioner did neither. As such, if the Court is to transfer this Motion, which is, in effect, a second or successive petition, to the Third Circuit, the Third Circuit is likely to dismiss it under § 2244(b)(2). *See Tyler v. Cain*, 533 U.S. 656, 667-68 (2001) (citing § 2244(b)(2)(A) for the proposition that a claim presented in a second or successive petition that was not presented in a prior application must be dismissed unless the claim relies on a new rule of constitutional law, previously unavailable, that has been made retroactive). As such, the Court will not transfer the Motion to the Third Circuit.

### III. CONCLUSION

For the reasons set forth above, the Motion is DENIED.


         s/ Michael A. Shipp
         **Michael A. Shipp, U.S.D.J.**

Dated: November 30, 2015

6